IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil No. 09-24 Erie |
| ) | Criminal No. 06-01 Erie |
| ) | Judge Sean J. McLaughlin |
| ANTHONY JONES, ) | |

**MEMORANDUM OPINION**

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Defendant Anthony Jones' "Motion for Challenging the Court Memorandum Order" [Dkt. No. 423], "Motion for Miscellaneous Relief" [Dkt. No. 424], and "Motion for Challenging the Court Memorandum Order" [Dkt. No. 436]. For the reasons which follow, these motions will be dismissed.

By way of background, on January 10, 2006, the defendant, Anthony Jones, was indicted by a grand jury on charges of conspiracy and drug distribution. On July 25, 2006, Jones entered a plea of guilt pursuant to a written plea agreement. Paragraph A(8) of the plea agreement stated that Jones "waive[d] the right to take a direct appeal from his conviction or sentence" and "waive[d] the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." See Jones Plea Agreement.

Prior to sentencing, Jones and the government disagreed as to the applicability of section 3B1.1 of the Sentencing Guidelines which provides for an offense level increase on the basis of Jones' leadership role in the conspiracy. On December 5, 2006, this Court conducted an evidentiary hearing to determine whether the 3B1.1 increase was appropriate. After determining that Jones was a "central cog in the conspiracy" to distribute cocaine, this Court applied the 3B1.1 enhancement and

sentenced Jones to 292 months incarceration.

Jones filed a timely appeal to the Third Circuit, arguing that his appellate waiver was invalid because the application of the 3B1.1 enhancement constituted an "unconstitutional sentencing practice[]." See United States v. Jones, 261 Fed. Appx. 412 (3rd Cir. 2008). The Third Circuit ultimately concluded that Jones had "knowingly and voluntarily waived his right to appeal" and, accordingly, enforced the waiver provision and dismissed the appeal. Id. at 415.

On February 6, 2009, Jones filed a motion to vacate, set aside or correct sentence pursuant to 18 U.S.C. § 2255. In his 2255 motion, Jones asserted that his attorney offered ineffective assistance at sentencing by 1) failing to object to the 3B1.1 enhancement on the ground that the government had promised during plea negotiations not to seek an enhancement under that provision, and 2) failing to offer mitigation evidence in support of a downwards sentencing departure pursuant to § 4A1.3(b). On August 13, 2010, following an evidentiary hearing, this Court denied Jones' 2255 Motion after concluding that Jones had knowingly and voluntarily waived his right to collaterally attack his sentence. (Dkt. No. 364). Following a timely appeal, the Third Circuit remanded for the limited purpose of having this Court decide whether to issue a certificate of appealability. (Dkt. No. 365). On September 3, 2010, this Court issued the following ruling:

> After thoroughly reviewing Jones' 2255 motion, the government's response, the testimony taken at the evidentiary hearing, and the Court's August 13, 2010 Order, I conclude that a certificate of appealability is not warranted in this case.

(Dkt. No. 366). On March 16, 2011, the Third Circuit similarly denied Jones' request for a certificate of appealability, holding that "reasonable jurists would not find it debatable whether the request states a valid claim of the denial of the constitutional right" and noting that "Jones [had] failed to show that his waiver was not knowing and voluntary." (Dkt. No. 377).

On May 16, 2011, Jones filed a "Motion for out of Time to Support Appellant

Certificate of Appealability." (Dkt. Nos. 382, 385). In his motion, Jones again raised the same issues previously raised in his 2255 motion and his prior appeal to the Third Circuit. On April 6, 2012, this Court rejected this new motion on the basis of the same waiver provision, noting that "Defendant has already received the exact review to which he was entitled, to wit, 'two bites at the appeal certificate apple.'" (Dkt. No. 421 (quoting <u>Hunter v. United States</u>, 101 F.3d 1565, 1575 (11th Cir. 1996) (en banc).

      In each of the instant motions, Jones again, for the fifth or sixth time, advances the same arguments which have previously been determined to have been waived by this Court and by the Third Circuit on multiple occasions. Jones cites no legal authority in support of his continued attempts to seek reconsideration of those previous rulings, nor does such authority exist. Rather, as this Court has previously noted, the Third Circuit's determination that no certificate of appealability was warranted with respect to those claims represents the law of the case, and this Court is "precluded from reconsidering its denial." (Dkt. No. 421, p. 5). Accordingly, the instant motions, each of which is patently frivolous, are denied as set forth in the accompanying order.

| UNITED STATES OF AMERICA, | ) | Civil No. 09-24 Erie |
| --- | --- | --- |
| | ) | Criminal No. 06-01 Erie |
| | ) | Judge Sean J. McLaughlin |
| ANTHONY JONES, | ) | |

## ORDER

AND NOW, this 12th day of April, 2013, for the reasons set forth above, it is hereby ORDERED that Jones' "Motion for Challenging the Court Memorandum Order" [Dkt. No. 423], "Motion for Miscellaneous Relief" [Dkt. No. 424], and "Motion for Challenging the Court Memorandum Order" [Dkt. No. 436] are each denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c), Petitioner has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability.

/s/ - Sean J. McLaughlin
United States District Judge

cm:   All parties of record.