IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Criminal No. 06-1 Erie |
| v. | ) | Chief Judge Sean J. McLaughlin |
| DOUGLAS JERMAINE JORDAN, | ) | |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., Chief Judge

This matter is before the Court upon Defendant Douglas Jermaine Jordan's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). [Dkt. 410]. For the reasons which follow, Defendant's motion is denied.

I. **BACKGROUND**

On July 31, 2006, this Court sentenced Defendant to a term of imprisonment of 160 months for a drug conspiracy conviction involving 1005.4 grams of powder cocaine and 240.2 grams of crack cocaine. Prior to sentencing, the United States Probation Office had prepared a Presentence Investigation Report ("PSR") which contained a sentencing guideline calculation for Defendant. Pursuant to U.S.S.G. § 2D1.1, Defendant's offense level was calculated by converting the total amount of combined cocaine and crack cocaine to an equivalent amount of marijuana

1

using the Drug Equivalency Table provided in the sentencing guidelines. Based on this calculation, the PSR determined that the total amount of controlled substance attributable to Defendant was 5,005.08 kilograms of marijuana. Because the converted marijuana amount fell between 3,000 and 10,000 kilograms, the Court, pursuant to U.S.S.G. § 2D1.1(c)(3), determined that Defendant's base offense level was 34. This offense level was reduced by three levels to 31 based upon Defendant's acceptance of responsibility. The corresponding sentencing range suggested by the Sentencing Guidelines was 135-168 months. (Sentencing Hearing Transcript, 7/31/06, p. 69).

On August 10, 2009, Defendant filed an unopposed motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) based upon a 2007 amendment to Section 2D1.1 of the Sentencing Guidelines by the United States Sentencing Commission. See U.S.S.G., Supp to App. C, Amend. 706 (effective November 1, 2007) ("2007 Crack Amendment"). The 2007 Crack Amendment generally reduced the base offense levels applicable to cocaine base offenses by two levels. Id. With the government's consent, this Court reduced Defendant's base offense level from 31 to 29, producing a sentencing range of 120-135 months. [Dkt. 347]. Consistent with the new guideline range, the Court sentenced Defendant to 127 months incarceration. Id.

In the instant motion, Defendant seeks another reduction of sentence based

upon the Fair Sentencing Act of 2010, Pub.L.No. 111-220 ("FSA"), which, *inter alia*, again modified the penalties for crack cocaine offenses. The government has filed a motion in opposition. This matter is ripe for review.

## II.   DISCUSSION

Enacted on August 3, 2010, the FSA authorized the United States Sentencing Commission ("Commission") to amend the Sentencing Guidelines to reduce the sentencing disparity and perceived inequity between offenses involving crack cocaine and those that involved powder cocaine. See, e.g., Dorsey v. United States, 132 S.Ct. 2321, 2328-29 (2012). Consistent with this purpose, the Commission issued Amendment 748 to the Sentencing Guidelines which reduced, on an emergency basis, the equivalency of one gram of crack cocaine from 20 kilograms of marijuana to 3571 grams of marijuana. U.S.S.G. App. C, Amend. 748. Subsequent amendments made this change permanent and retroactive. See U.S.S.G. App. C, Amends. 750, 759. Based on these amendments, Defendant contends that his base offense level, calculated in large measure on the basis of his role in a drug conspiracy involving 240.2 grams of crack cocaine, should be reduced.

In determining whether a reduction of sentence is warranted, our inquiry is

governed by 18 U.S.C. § 3582(c)(2) which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The United States Supreme Court has noted that this statute creates a two-part inquiry. See Dillon v. United States, 130 S.Ct. 2683, 2691 (2010). The first step requires the court to determine whether the proposed reduction is consistent with the Sentencing Commission's instructions set forth in U.S.S.G. § 1B1.10. Id. at 2691 (noting that the first step of the inquiry is to "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."). If the court determines that a sentence reduction is authorized pursuant to § 1B1.10, the second step requires the court to "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Id.

With respect to the instant motion, we need only reach the first step of this inquiry. The pertinent instruction from the Sentencing Commission, U.S.S.G. §

4

1B1.10(a)(1), generally provides that a court "may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2) . . . [if] the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . .". However, U.S.S.G. § 1B1.10(a)(2)(B) cautions that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range."

As noted above, the amount of controlled substance attributable to Defendant at sentencing consisted of 1005.4 grams of powder cocaine and 240.2 grams of crack cocaine. Under the recently amended Drug Equivalency Tables, the amount of crack cocaine attributable to Defendant converts to 857.552 kilograms of marijuana, and the amount of powder cocaine converts to 208.01 kilograms of marijuana, for a total marijuana equivalency of 1058.632 kilograms. See U.S.S.G. § 2D1.1. The base offense level prescribed for conduct concerning at least 1,000 kilograms but less than 3,000 kilograms of marijuana is 32. See U.S.S.G. § 2D1.1(c)(4). Reducing this by three levels for acceptance of responsibility, Defendant's final offense level under the new amendments is 29, resulting in the same guideline range – 120 to 135 months – as in 2009, when his sentence was previously reduced. Consequently, because the recent

amendments pursuant to the FSA "[do] not have the effect of lowering the defendant's applicable guideline range," no reduction of sentence is warranted.[1] See U.S.S.G. § 1B1.10(a)(2)(B); see, e.g., United States v. Brown, 370 Fed. Appx. 277, 279 (3rd Cir. 2010) (defendant not entitled to re-sentencing where, despite an amendment reducing offense level, advisory guideline range does not change); United States v. Torres, 2011 WL 6330659, **3-6 (E.D. Pa. 2011) (defendant not entitled to a sentence reduction where calculation under revised Drug Equivalency Table does not reduce the applicable offense level or guideline range).

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion for Reduction of Sentence is denied. An appropriate order follows.

---

[1] It might be more accurate to say that Defendant has already received the reduction in sentence that he is now seeking. In 2009, when Defendant's first motion for a reduction was granted, the parties apparently failed to recognize that Defendant's original sentence was not based entirely upon the amount of crack cocaine at issue, but rather, was calculated by combing both the powder and crack cocaine into one quantity of marijuana using the Drug Equivalency Table. Consequently, Defendant, with the government's consent, simply deducted two levels from his offense level without actually recalculating his base offense level pursuant to the 2007 amendment. Had his offense level been properly recalculated using the Drug Equivalency Tables, rather than simply adjusted, it appears that the 2007 Crack Amendment would not have changed Defendant's base offense level. In essence, Defendant erroneously received the reduction that he is now seeking in 2007. See Government's Response, Dkt. 419, pp. 1-2.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Criminal No. 06-1 Erie |
| | ) | Chief Judge Sean J. McLaughlin |
| vi. | ) | |
| DOUGLAS JERMAINE JORDAN, | ) | |

**ORDER**

AND NOW, this 16th day of August, 2013, for the reasons set forth above, it is hereby ORDERED that Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

/s/ - Sean J. McLaughlin
Chief United States District Judge

cm: All parties of record.